CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 29 2007

JOHN F. CORCORAN, CLERK
BY:
　　DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **LEROY THOMAS PROSHA,** | ) | |
| Petitioner, | ) | Civil Action No. 7:07-cv-00129 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **GENE M. JOHNSON,** | ) | By: Samuel G. Wilson |
| Respondent. | ) | United States District Judge |

Petitioner, Leroy Thomas Prosha, brings this habeas petition pursuant to 28 U.S.C. § 2254, challenging his conviction in the Circuit Court of the City of Martinsville for several firearms offenses and malicious wounding. Prosha claims that counsel rendered ineffective assistance on several grounds, including ineffective assistance on appeal, and that the prosecutor knowingly presented perjured testimony at trial. This matter is before the court on respondent's motion to dismiss. The court finds that Prosha's claims of ineffective assistance on appeal and prosecutorial misconduct are procedurally defaulted, and that the Supreme Court of Virginia adjudicated Prosha's remaining ineffective assistance claims on the merits in a manner not inconsistent with clearly established federal law. Accordingly, the court grants respondent's motion to dismiss.

## I.

Prosha's criminal charges arose when the victim of the malicious wounding and two friends went to Prosha's apartment late one evening when Prosha had been drinking. By Prosha's account at his trial, although uninvited, the three men came into his house through an open door. One of the victim's friends asked Prosha for a beer and Prosha got it for him. Prosha told the men that they were welcome to drink, but should stay out of the refrigerator. Prosha then went outside. When he came back in, he claims he saw the victim at the refrigerator and told him to leave. Ultimately, Prosha shot the victim four times: one at the base of his neck, one on his right chest, and two

superficial wounds on his right hand and forearm. A grand jury in the Circuit Court of the City of Martinsville indicted Prosha for possession of a firearm by a convicted felon, discharge of a firearm in an occupied dwelling, use of a firearm in the commission of a felony, and aggravated malicious wounding.

A jury found Prosha guilty of the firearms charges and malicious wounding, a lesser included offense of aggravated malicious wounding. The Circuit Court sentenced Prosha to 28 years of imprisonment, and Prosha appealed to the Virginia Court of Appeals, challenging the sufficiency of the evidence. The court denied his appeal and Prosha unsuccessfully appealed on the same ground, to the Supreme Court of Virginia, and in turn, unsuccessfully sought certiorari. Prosha v. Virginia, 546 U.S. 947 (2005).

Prosha then sought habeas relief from the Supreme Court of Virginia, claiming that trial counsel provided ineffective assistance in:

1. Failing to call character witnesses and subpoena certain witnesses;
2. Failing to object to the malicious wounding charge in a timely manner;
3. Failing to effectively cross-examine the Commonwealth's witnesses;
4. Presenting and arguing his appeal; and
5. Failing to object to perjured testimony.

Prosha also alleged that the prosecutor knowingly allowed perjured testimony at trial. The respondent moved to dismiss Prosha's claims as too vague and conclusory, and the court gave him 30 days to amend his petition to particularize his claims and to comply with the procedural requirements of Virginia Code § 8.01-655. Prosha filed an amended petition, essentially raising the same claims. On November 21, 2006, the court dismissed Prosha's petition finding that: (1) his

claim that counsel was ineffective in presenting and arguing his appeal was "conclusional and, therefore, [would] not support the issuance of a writ of habeas corpus"; (2) his remaining ineffective assistance of counsel claims satisfied neither the "performance" nor the "prejudice" prong of Strickland v. Washington, 466 U.S. 668, 687 (1984); and (3) his prosecutorial misconduct claim was procedurally defaulted because he failed to raise the issue at trial or on direct appeal. Prosha then filed the instant federal habeas petition raising substantially the same claims he raised in his state habeas petition.

## II.

Prosha's claims of ineffective assistance on appeal and prosecutorial misconduct are not cognizable on federal habeas review because they are procedurally defaulted. See Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998). A claim is defaulted where the state court expressly finds that review is barred by an independent and adequate state procedural rule. Id.; see also Lambrix v. Singletary, 520 U.S. 518, 523 (1997). Whether a rule is adequate and independent is a question of federal law. Henry v. Mississippi, 379 U.S. 443, 447 (1965).

On habeas review, the Supreme Court of Virginia found that, under Penn v. Smyth, 49 S.E.2d 600, 601 (1948), Prosha's claim that counsel was ineffective in presenting and arguing his appeal was too conclusional to warrant habeas corpus relief. In Clay v. Murray, 1992 U.S. App. LEXIS 8612 (4th Cir. 1992), the United States Court of Appeals for the Fourth Circuit considered whether Penn is an independent and adequate state law ground barring federal habeas review. The Fourth Circuit concluded that if the state habeas petitioner is not afforded the opportunity to particularize his conclusory claim, Penn is not adequate under federal law. Id. In Prosha's state habeas case, however, the court gave Prosha the opportunity to particularize his claims. Under the circumstances,

3

the Supreme Court of Virginia's application of Penn is an independent and adequate state procedural rule, and Prosha procedurally defaulted his claim of ineffective assistance on appeal.[1]

The Supreme Court of Virginia also found that, under Slayton v. Parrigan, 205 S.E.2d 680 (1974), Prosha procedurally defaulted his prosecutorial misconduct claim, because he could have raised it at trial and on direct appeal, but did not. Slayton is an independent and adequate procedural default rule. See Vinson v. True, 436 F.3d 412, 417 (4th Cir. 2006); see also Wright v. Angelone, 151 F.3d 151, 159-60 (4th Cir. 1998); Mu'min v. Pruett, 125 F.3d 192, 196 (4th Cir.1997), cert. denied, 522 U.S. 978 (1997); Bennett v. Angelone, 92 F.3d 1336, 1343 (4th Cir.1996), cert. denied, 519 U.S. 1002 (1996); Spencer v. Murray, 18 F.3d 229, 232 (4th Cir.1994). Therefore, this claim is also procedurally defaulted.[2]

Accordingly, the court dismisses the two claims.

### III.

Federal habeas relief is not available for any claim that the Supreme Court of Virginia has adjudicated on the merits unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision

---

[1] Moreover, the court notes that even if this court reached the merits of this claim, it would nevertheless fail. With regard to this claim, Prosha merely states: "the appel[late] lawyer [was] ineffective [in] present[ing] and argu[ing] [my] appeal. Petitioner was denied his Si[x]th Amendment [r]ight to effective counsel to his prejudice at trial and [on] appeal." "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Strickland, 466 U.S. at 690. Prosha identifies no acts or omissions of counsel that lead him to his conclusion that counsel was ineffective on appeal. Accordingly, Prosha has demonstrated neither deficient performance by counsel nor prejudice, as required by Strickland, and, therefore, his claim has no merit.

[2] The court notes, however, that a state prisoner can obtain federal habeas review of a procedurally defaulted claim if he demonstrates "cause for the default and actual prejudice as a result of the alleged violation of federal law" or "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 749 (1991); see also Teague, 489 U.S. at 288; Fisher, 163 F.3d at 844-45. Prosha has not demonstrated either cause or prejudice or a fundamental miscarriage of justice.

that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)-(2); see Williams v. Taylor, 529 U.S. 362, 376-77 (2000). The Supreme Court of Virginia has adjudicated the merits of all of Prosha's remaining claims of ineffective assistance and found that they all fail to satisfy Strickland's two-pronged test. Viewed through § 2254(d)'s circumscribed lens that court's determination is unassailable. Therefore, the court dismisses Prosha's remaining claims.

### A.

Prosha claims that counsel was ineffective in failing to call character witnesses and subpoena certain other witnesses. The Supreme Court of Virginia found that "petitioner does not articulate the specific testimony that these witnesses would have provided and does not proffer affidavits to verify their testimony." In his current petition, Prosha argues that these potential witnesses "would have proved to the court and jury that [p]etitioner at no time wanted to hurt anyone and did not intentionally do such [a] thing without just cause." He further claims that the "witnesses would've stated that the [p]etitioner did ask [the] victim to leave his home and didn't let the victim [or] any of the victim's friends in his home." The petitioner must do more than show that counsel's allegedly deficient performance "conceivably could have influenced the outcome." Strickland, 466 U.S. at 693. Rather, the petitioner must affirmatively show that there is a reasonable probability that but for counsel's deficient performance, the outcome of his trial would have been different. Jones v. Murray, 947 F.2d 1106, 1115-16 (4th Cir. 1991). Prosha has not made this showing. Accordingly, the court finds that the Supreme Court of Virginia reasonably determined the facts and reasonably applied Strickland in rejecting Prosha's claim.

### B.

Prosha claims that counsel was ineffective in failing to "object" to the malicious wounding

charge in a timely manner. The Supreme Court of Virginia found that "[t]he record, including the trial transcript, demonstrates that counsel moved to strike the evidence regarding the aggravated malicious wounding charge and raised the issue again in his closing argument"and that "[p]etitioner has identified no other arguments or objections counsel should have made." This court sees nothing unreasonable in those findings. Moreover, given that ample evidence supports the conviction, even though counsel failed to perform to Prosha's satisfaction in raising "objections" to the charge, there is no conceivable prejudice. Therefore, the court finds that the Supreme Court of Virginia reasonably determined the facts and correctly applied Strickland to Prosha's claim.

### C.

Prosha also claims that counsel ineffectively cross-examined the Commonwealth's witnesses. The Supreme Court of Virginia found that Prosha "failed to identify what questions counsel should have asked or what information counsel would have elicited from additional cross-examination." Prosha still does not identify how trial counsel was ineffective in his cross-examinations. Therefore, the court finds that the Supreme Court of Virginia reasonably applied Strickland in determining that Prosha's allegation was far too conclusory to show either deficient performance or prejudice.

### D.

Prosha claims that counsel was ineffective in failing to object to perjured testimony. The Supreme Court of Virginia found that Prosha "[did] not identify the alleged perjured testimony and, therefore, [did] not support his claim that counsel should have, or could reasonably have, objected." That finding neither involved an unreasonable determination of the facts nor an unreasonable

6

application of clearly established federal law.[3]

Accordingly, the court dismisses all of Prosha's remaining ineffective assistance of counsel claims.

## IV.

For the foregoing reasons, the court grants the respondent's motion to dismiss and dismisses Prosha's § 2254 petition.

**ENTER**: This August 29, 2007.

_____
UNITED STATES DISTRICT JUDGE

---

[3] Moreover, objections raise issues of law pertaining to admissibility of evidence. In contrast, whether testimony is perjured is a fact for the jury, not grist for an objection.

7

Case 7:07-cv-00129-SGW-mfu   Document 16   Filed 08/29/07   Page 7 of 7   Pageid#: 186